IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| CHARLES D. FRIEDMAN | § | |
| VS. | § | CIVIL ACTION NO. 1:08cv100 |
| UNITED STATES OF AMERICA, ET AL. | § | |

MEMORANDUM OPINION REGARDING VENUE

Plaintiff Charles D. Friedman, an inmate confined at the United States Penitentiary in Coleman, Florida, proceeding *pro se*, brings this lawsuit alleging Deputy United States Marshal Joey Barajas either lost or destroyed his personal property.

The above-styled action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

On March 23, 2006, plaintiff alleges that he was transported from the Cache County, Utah Jail to the Salt Lake County, Utah Jail. Plaintiff claims the Salt Lake County Jail would not allow his personal property to be taken into the facility and that defendant Barajas stated he would mail plaintiff's property to an individual designated by plaintiff. However, plaintiff claims only two text books were delivered to the designated person, and the rest of his property was either lost or destroyed by defendant Barajas.

## Analysis

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose. Here, plaintiff complains of incidents which occurred in the District of Utah. Further, the defendant is located in Utah. When public officials are parties to an action in their official capacities, they reside for venue purposes in the county where they perform their official duties. *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982); *Lowrey v. Estelle*, 433 F.2d 265 (5th Cir. 1976). In this case defendant Barajas appears to reside within the District of Utah.

Pursuant to 28 U.S.C. § 125, Cache County, Utah is in the Northern Division of the District of Utah, and Salt Lake County is in the Central Division. As the claim arose in the Central Division of the District of Utah and the defendant appears to reside in either the Northern or Central Division of the District of Utah, venue in the Eastern District of Texas is not proper.

Further, under the FTCA, "[a]ny civil action on a tort claim against the United States ... may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). Plaintiff's residence cannot be deemed to be the Eastern District of Texas simply because he was incarcerated here when he filed the lawsuit. *See Ellingburg v. Connett*, 457 F.2d 240, 241-42 (5th Cir. 1972); *Gutierrez v. Ornelas*, 54 Fed. Appx. 413, at *1 (5th Cir.

Nov. 7, 2002). "At the time plaintiff filed his administrative tort claim, he listed his address (presumably his home address) as being in West Jordan, Utah." Defendant's Motion to Dismiss at *2 (D.C., Civil Action No. 07-01657). Thus, it appears jurisdiction in the United States District Court for the District of Utah is appropriate.

The defendants have filed a motion to dismiss, or alternatively, for summary judgment in which they assert venue is not proper in the Eastern District of Texas. However, when venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). After consideration of the particular circumstances in this action, it is the opinion of the undersigned that this case should be transferred to the District of Utah, Central Division, the district and division in which the claims arose and the defendant resides. An appropriate order so providing will be entered by the undersigned.

**SIGNED** this  9   day of      February        , 2009.

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE